# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER KARL SALAT,<br><br>*Plaintiff,*<br><br>v.<br><br>INTERSCOPE RECORDS, a California General Partnership, CROW'S NEST ENTERPRISES, INC., an Illinois Corporation, SEE HEAR, INC., an Illinois Corporation, ROLLING STONES CORP., an Illinois Corporation, BEST BUY CO., INC., a Minnesota Corporation, AMAZON.COM, a Delaware Corporation, KMART CORP., a Michigan Corporation, BEMUSIC, INC., a Pennsylvania Corporation, WAL-MART STORES, INC. a Delaware Corporation, TRANS WORLD ENTERTAINMENT CORP., a New York Corporation, MTS, INC., a California Corporation, BARNES & NOBLE, INC., a Delaware Corporation, CIRCUIT CITY STORES, INC., a Virginia Corporation, HASTINGS ENTERTAINMENT, INC., a Texas Corporation, WHEREHOUSE ENTERTAINMENT, INC., a Delaware Corporation, VIRGIN MEGASTORES, INC., a Delaware Corporation, BAKER & TAYLOR, INC., a Delaware Corporation, HANDLEMAN ENTERTAINMENT RESOURCES, LLC, a Michigan limited liability company, ALLIANCE ENTERTAINMENT CORP., a Delaware Corporation, SUMMIT UNITED SERVICES, LLC, a Pennsylvania Limited Liability Company, JOHN DOE DISTRIBUTORS 1-49, JANE DOE RETAILERS 50-100<br><br>*Defendants.* | Case No. 02C 8044<br><br>Complaint<br><br>JUDGE MANNING<br><br>MAGISTRATE JUDGE<br>GERALDINE SOAT BROWN<br><br>DOCKETED<br>NOV 0 8 2002 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHRISTOPHER KARL SALAT, by his attorneys, Howe & Hutton, Ltd., for his Complaint against Defendants states as follows:

## JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C.A. §§ 101 *et seq*.

2. This court has jurisdiction of the action by virtue of 28 U.S.C.A. §§ 1331 and 1338.

3. Venue is proper under 28 U.S.C.A. §§ 1391(b) and 1400(a) because the claims arose within this district and each of the defendants reside and are found within this district.

## PARTIES

4. Plaintiff CHRISTOPHER KARL SALAT is an artist residing at 7619 N. Hollow Circle, Humble, TX 77396. Plaintiff specializes in the creation of urban oriented artwork.

5. Defendant INTERSCOPE RECORDS is a general partnership doing business at 2220 Colorado Avenue, Santa Monica, CA 90404. Defendant engages in the production and sale of recordings and accompanying works attributed to Limp Bizkit.

6. Defendant CROW'S NEST ENTERPRISES, INC., is a corporation doing business at 2108 Plainfield Road, Crest Hill, IL 60435. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

7. Defendant SEE HEAR, INC., is a corporation doing business at 217 West North Avenue, Chicago, IL 60622. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

8. Defendant ROLLING STONES CORP. is a corporation doing business at 7300 West Irving Park Road, Norridge, IL 60634. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

9. Defendant AMAZON.COM is a corporation doing business at 1200 12th Avenue South, Seattle, WA 98144. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

10. Defendant KMART CORP. is a corporation doing business at 3100 West Big Beaver Road, Troy, MI 48084. Defendant engages in the sale of recordings and accompanying

549227.DOC

works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

11. Defendant BEMUSIC, INC., is a corporation doing business at 540 Broadway, New York, NY 10036. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

12. Defendant WAL-MART STORES, INC., is a corporation doing business at 702 Southwest 8th Street, Bentonville, AR 72716. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

13. Defendant BARNES & NOBLE, INC., is a corporation doing business at 122 Fifth Avenue, New York, NY 10011. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

14. Defendant HASTINGS ENTERTAINMENT, INC., is a corporation doing business at 3601 Plains Boulevard, Amarillo, TX, 79102. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

15. Defendant TRANS WORLD ENTERTAINMENT CORP., doing business as FYE, INC., is a corporation doing business at 38 Corporate Circle, Albany, NY 12203. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

16. Defendant MTS, INC., doing business as TOWER RECORDS, is a corporation doing business at 2500 Del Monte Street, West Sacramento, CA 95691. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

17. Defendant CIRCUIT CITY STORES, INC., is a corporation doing business at 9950 Mayland Drive, Richmond, VA 23233. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

18. Defendant WHEREHOUSE ENTERTAINMENT, INC., is a corporation doing business at 19701 Hamilton Avenue, Torrance, CA 90502. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

19. Defendant VIRGIN MEGASTORES, INC., is a corporation doing business at 5757 Wilshire Boulevard, Los Angeles, CA 90036. Defendant engages in the sale of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

20. Defendant ALLIANCE ENTERTAINMENT CORP. is a corporation doing business at 4250 Coral Ridge Drive, Coral Springs, FL 33065. Defendant engages in the distribution of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

21. Defendant BAKER & TAYLOR, INC., is a corporation doing business at 2709 Water Ridge Parkway, Charlotte, NC 28217. Defendant engages in the distribution of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

22. Defendant HANDLEMAN ENTERTAINMENT RESOURCES, L.L.C., is a limited liability company doing business at 500 Kirts Boulevard, Troy, MI 48084. Defendant engages in the distribution of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

23. Defendant SUMMIT UNITED SERVICES, L.L.C., is a limited liability company doing business at 4881 Kendrick, Grand Rapids, MI 49512. Defendant engages in the distribution of recordings and accompanying works attributed to Limp Bizkit, including currently or in the past Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording.

24. Defendants named herein as JOHN DOE DISTRIBUTORS 1-49 are entities which have distributed Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording, but whose true identities are presently unknown to Plaintiff. As a result, Plaintiff hereby sues said Defendants JOHN DOE DISTRIBUTORS 1-49 by said fictitious names. Plaintiff will seek leave of Court to amend this complaint and to join JOHN DOE DISTRIBUTORS 1-49 in this action when their identities have been ascertained by Plaintiff.

25. Defendants named herein as JANE DOE RETAILERS 50-100 are entities which have sold Limp Bizkit's Three Dollar Bill Y'all recording and/or Limp Bizkit's Counterfeit Countdown recording at retail, but whose true identities are presently unknown to Plaintiff. As a result, Plaintiff hereby sues said Defendants JANE DOE RETAILERS 50-100 by said fictitious names. Plaintiff will seek leave of Court to amend this complaint and to join JANE DOE RETAILERS 50-100 in this action when their identities have been ascertained by Plaintiff.

## FACTS COMMON TO ALL COUNTS

26. Plaintiff is the owner of the copyrights, and all rights subsumed thereunder, in a photograph entitled "Aerosol Warfare #2." Attached to the Complaint as Exhibit A, and incorporated herein by reference, is a Certificate of Registration for the photograph entitled "Aerosol Warfare #2." The photograph is attached to the Complaint as Exhibit B and incorporated herein by reference.

27. Prior to February 7, 2002, ownership of the copyrights in "Aerosol Warfare #2" was held exclusively by Mario Figueroa, the creator of the photograph.

28. Pursuant to a written assignment agreement of February 7, 2002, Mr. Figueroa transferred all of his rights in "Aerosol Warfare #2" to Plaintiff. The assignment is attached to the Complaint as Exhibit C and is incorporated herein by reference.

29. At all times relevant hereto, Plaintiff or his assignor has been the owner of the exclusive rights to reproduce, distribute, prepare derivative works, publicly display and to authorize the reproduction, distribution, preparation of derivative works, and public display of Aerosol Warfare #2.

30. Since at least July 1, 1997, Defendant Interscope Records has produced artwork in connection with Limp Bizkit's Three Dollar Bill Y'all recording that reproduces and incorporates Plaintiff's work, Aerosol Warfare #2.

31. Since at least 1997, Defendant Interscope Records has produced artwork in connection with Limp Bizkit's Counterfeit promotional material that reproduces and incorporates Plaintiff's work, Aerosol Warfare #2.

32. Since at least March 26, 1999, Defendant Interscope Records has produced artwork in connection with Limp Bizkit's Counterfeit Countdown recording that reproduces and incorporates Plaintiff's work, Aerosol Warfare #2.

33. Neither Plaintiff nor his assignor has ever authorized Defendant Interscope Records to reproduce, distribute, or prepare derivative works based on Aerosol Warfare #2 or on any of his artwork.

34. The reproduction and incorporation of Aerosol Warfare #2 into Limp Bizkit's Three Dollar Bill Y'all and Counterfeit Countdown recording packaging constitute infringement of Plaintiff's copyright.

549227.DOC

## COUNT I
### (Copyright Infringement as to Defendant Interscope Records)

35. Plaintiff realleges and incorporates herein by reference each of the allegations in paragraphs 1 through 34 of the Complaint.

36. Defendant Interscope Records exclusively produces and distributes recordings and related materials for the band Limp Bizkit, including the works "Three Dollar Bill Y'all" and "Counterfeit Countdown."

37. Defendant Interscope Records' acts of reproducing and incorporating, and thereafter distributing Plaintiff's Aerosol Warfare #2 as part of Limp Bizkit's Recording packaging, as well as preparing derivative works based thereon, as alleged herein, are infringements of Plaintiff's copyright.

38. Defendant Interscope Records has continued to infringe Plaintiff's copyright, and unless permanently enjoined by order of this Court, will continue to infringe Plaintiff's copyright, causing Plaintiff irreparable harm.

39. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendant Interscope intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from Plaintiff's "Aerosol Warfare #2" and works derived from it. As a direct and proximate result of the acts of Defendant Interscope alleged above, Plaintiff has no adequate remedy at law to redress all of the injuries that Defendant Interscope has caused and intends to cause by its conduct. Plaintiff will continue to suffer irreparable damage and sustain lost profits until Defendant Interscope's actions alleged above are enjoined by this Court.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. That the Court find that Defendant Interscope has infringed Plaintiff's copyrights in Aerosol Warfare #2.

2. That the Court find a substantial likelihood that Defendant Interscope will continue to infringe Plaintiff's copyrights in Aerosol Warfare #2 unless enjoined from doing so.

3. That Defendant Interscope, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be permanently enjoined from directly or indirectly:

    (a) reproducing or distributing works infringing Plaintiff's Aerosol Warfare #2;

    (b) preparing derivative works based on Aerosol Warfare #2;

(c) in any manner infringing or contributing to or participating in the infringement by others of any of Plaintiff's copyrights.

4. That Defendant Interscope be required to file with the Court and to serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendant Interscope has complied with the Court's order.

5. That Defendant Interscope be required to pay to Plaintiff actual damages for Defendant's copyright infringement as alleged herein.

6. That Plaintiff have such other relief as this Court deems just and proper, including recovery of its costs, attorneys fees incurred, and other expenses as established by Plaintiff.

## COUNT II
**(Copyright Infringement as to Defendants Alliance Entertainment Corp., Baker & Taylor, Inc., Handleman Entertainment Resources, LLC, Summit United Services, LLC, and John Doe Distributors 1-49 (collectively referred to as "Defendant distributors"))**

40. Plaintiff realleges and incorporates herein by reference each of the allegations in paragraphs 1 through 39 of the Complaint.

41. Defendant distributors are in the business of distributing recorded music to retailers.

42. Defendant distributors have in the past distributed, and continue currently to distribute, either or both of Limp Bizkit's "Three Dollar Bill Y'all" and "Counterfeit Countdown."

43. Defendant distributors' distribution of, "Three Dollar Bill Y'all" and/or "Counterfeit Countdown", which reproduce and incorporate as part of their packaging Aerosol Warfare #2 without the approval of Plaintiff, as alleged herein, constitutes infringements of Plaintiff's exclusive rights as owner of the copyrights in and to Aerosol Warfare #2.

44. Defendant distributors have continued to infringe Plaintiff's copyright, and unless permanently enjoined by order of this Court, can continue to infringe Plaintiff's copyright, causing Plaintiff irreparable harm.

45. Plaintiff has sustained, and will continue to sustain, substantial injuries, loss and damage to his exclusive rights under the copyright laws regarding Aerosol Warfare #2, and Plaintiff has sustained and will continue to sustain damages from the loss of value of the exclusive rights thereunder by reason of Defendant distributors' conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. That Distributor Defendants be permanently enjoined from directly or indirectly:

   (a) distributing works infringing Plaintiff's Aerosol Warfare #2;

   (b) in any manner infringing or contributing to or participating in the infringement by others of any of Plaintiff's copyrights.

2. That Defendant distributors be required to pay to Plaintiff actual damages for copyright infringement.

3. That Plaintiff have such other relief as this Court deems just and proper, including recovery of its costs, attorneys fees incurred, and other expenses as established by Plaintiff.

## COUNT III
(Copyright Infringement as to Defendants Crow's Nest Enterprises, Inc., See Hear, Inc., Rolling Stones Corp., amazon.com, Kmart Corp., BeMusic, Inc., Wal-Mart Stores, Inc., Best Buy Co., Inc., Barnes & Noble, Inc., Hastings Entertainment, Inc., Trans World Entertainment, Inc., MTS, Inc., Circuit City Stores, Inc., Wherehouse Entertainment, Inc., Virgin Megastores, Inc., and Jane Doe Retailers 50-100 (collectively referred to as "Defendant retailers"))

46. Plaintiff realleges and incorporates herein by reference each of the allegations in paragraphs 1 through 45 of the Complaint.

47. Defendant retailers are in the business of selling recorded music to consumers.

48. Defendant retailers have in the past distributed, and continue to distribute, either or both of Limp Bizkit's "Three Dollar Bill Y'all" and "Counterfeit Countdown" to consumers.

49. Defendant retailers' acts of distributing "Three Dollar Bill Y'all" and "Counterfeit Countdown", reproducing and incorporating as part of their packaging Aerosol Warfare #2 without the approval of Plaintiff, as alleged herein, constitutes infringements of Plaintiff's exclusive rights as owner of the copyrights in and to Aerosol Warfare #2.

50. Defendant retailers have continued to infringe Plaintiff's copyright, and unless permanently enjoined by order of this Court, can continue to infringe Plaintiff's copyright, causing Plaintiff irreparable harm.

51. Plaintiff has sustained, and will continue to sustain, substantial injuries, loss and damage to his exclusive rights under the copyright laws regarding Aerosol Warfare #2, and Plaintiff has sustained and will continue to sustain damages from the loss of value of the exclusive rights thereunder by reason of Defendant retailers' conduct.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. That Defendant retailers be permanently enjoined from directly or indirectly:

    (a) distributing works infringing Plaintiff's Aerosol Warfare #2;

    (b) in any manner infringing or contributing to or participating in the infringement by others of any of Plaintiff's copyrights.

2. That Defendant retailers be required to pay to Plaintiff actual damages for copyright infringement.

3. That Plaintiff have such other relief as this Court deems just and proper, including recovery of its costs, attorneys fees incurred, and other expenses as established by Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Signed this 6th day of November, 2002.

CHRISTOPHER KARL SALAT

By _____
*One of the Attorneys for Plaintiff*

Jonathan T. Howe
Henry M. Schaffer
Samuel J. Erkonen
Nathan J. Breen
HOWE & HUTTON, LTD.
20 N. Wacker Drive
Chicago, IL 60606
(312) 263-3001

9

549227.DOC

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
*United States of America*



FORM VA
For a Work of the Visual Arts

VA 1-131-224

EFFECTIVE DATE OF REGISTRATION

MAR 07 2002
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**
Title of This Work ▼
Aerosol Warfare #2

NATURE OF THIS WORK ▼ See Instructions
Photograph

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2 a**
NAME OF AUTHOR ▼
Mario Figueroa

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼
1972

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

Author's Nationality or Domicile
Name of Country
{ Citizen of U.S.A.
{ Domiciled in

Was This Author's Contribution to the Work
Anonymous?    ☒ Yes ☐ No
Pseudonymous?    ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☒ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
{ Citizen of
{ Domiciled in

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes ☐ No
Pseudonymous?    ☐ Yes ☐ No

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**3 a**
Year in Which Creation of This Work Was Completed
1995
This information must be given in all cases.

**b**
Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month September    Day Approx. 12    Year 1995
U.S.A.    Nation

**4**
COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Christopher Karl Salat
7619 N. Hollow Circle
Humble, TX 77396

See Instructions before completing this space.

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
Assignment

APPLICATION RECEIVED
JUL 12 2002
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAR 07 2002
FUNDS RECEIVED

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

EXAMINED BY

FORM VA

CHECKED BY

☒ CORRESPONDENCE
Yes

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼    Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a See instructions before completing this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼    Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Nathan J. Breen c/o Howe & Hutton, Ltd.
20 N. Wacker Dr., Suite 4200
Chicago, IL 60606

b

Area code and daytime telephone number  (312) 263-3001    Fax number  (312) 372-6685
Email  njb@howehutton.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  Christopher Karl Salat
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Nathan J. Breen                                                              Date  March 6, 2002

Handwritten signature (X) ▼
X _[signature]_

| Certificate will be mailed in window envelope to this address: | Name ▼ Nathan J. Breen c/o Howe & Hutton, Ltd. |
|---|---|
| | Number/Street/Apt ▼ 20 N. Wacker Dr., Suite 4200 |
| | City/State/ZIP ▼ Chicago, IL 60606 |

**YOU MUST:**
- Complete all necessary spaces
- Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: June 2002—20,000  Web Rev: June 2002  ♻ Printed on recycled paper                                          U.S. Government Printing Office: 2000-461-113/20,021

EXHIBIT B



EXHIBIT C

## ASSIGNMENT OF COPYRIGHT

For and in consideration of the promise of Christopher Salat ("Salat") to pay to Mario Figueroa ("Figueroa") five percent (5%) of any amount, after payment of legal fees and all expenses related to pursuing the claim of infringement, received by Salat as damages for or in settlement of his claim of copyright infringement by Limp Bizkit, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Figueroa hereby irrevocably sells, grants, conveys, assigns and sets over to Salat, and his successors and assigns, all of Figueroa's right, title and interest in and to the works of art entitled Aerosol Warfare and Aerosol Warfare #2, including but not limited to all of the assets, properties, receivables, contracts and rights thereto, including without limitation, any and all copyrights and any renewals and extensions thereof and all rights subsumed therein, now in the United States or any other country or countries, and all actions and causes of action related to the foregoing and all damages, profits, penalties and other recoveries related thereto.

The undersigned have executed this assignment as of FEBRUARY 7, 2002.

Seller _____
Mario Figueroa

Buyer _____
Christopher Salat

GETTHESHIT



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet



This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** CHRISTOPHER KARL SALAT

**Defendant(s):** INTERSCOPE RECORDS, CROW'S NEST ENTERPRISES, INC., SEE HEAR, INC., ROLLING STONES CORP., BEST BUY CO., INC., AMAZON.COM, KMART CORP., BEMUSIC, INC., WAL-MART STORES, INC., TRANS WORLD ENTERTAINMENT CORP., MTS, INC., BARNES & NOBLE, INC., CIRCUIT CITY STORES, INC., HASTINGS ENTERTAINMENT, INC., WHEREHOUSE ENTERTAINMENT, INC., VIRGIN MEGASTORES, INC., BAKER & TAYLOR, INC., HANDLEMAN ENTERTAINMENT RESOURCES, LLC, ALLIANCE ENTERTAINMENT CORP., SUMMIT UNITED SERVICES, LLC, JOHN DOE DISTRIBUTORS 1-49, JANE DOE RETAILERS, 50-100

**County of Residence:** Harris County, Texas

**County of Residence:** Los Angeles County, California

**Plaintiff's Atty:** Jonathan T. Howe
Howe & Hutton, Ltd.
20 N. Wacker Dr., Suite 4200
Chicago, IL 60606
(312) 263-3001

**Defendant's Atty:**

---

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties** (Diversity Cases Only)
   Plaintiff:- N/A
   Defendant:- N/A

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 820 Copyrights

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm                    11/5/02

VI. Cause of Action:   17 U.S.C. secs. 101, et. seq. Copyright infringement.

VII. Requested in Complaint
    Class Action: **No**
    Dollar Demand:
    Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: 11/6/02

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**   Revised: 06/28/00

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## Eastern Division

**DOCKETED NOV 0 8 2002**

In the Matter of

CHRISTOPHER KARL SALAT

v.

INTERSCOPE RECORDS, et al.

Case No. 02C 8044

JUDGE MANNING

MAGISTRATE JUDGE [illegible] BROWN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

CHRISTOPHER KARL SALAT

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Jonathan T. Howe | NAME: Henry M. Schaffer |
| FIRM: Howe & Hutton, Ltd. | FIRM: Howe & Hutton, Ltd. |
| STREET ADDRESS: 20 N. Wacker Dr., Suite 4200 | STREET ADDRESS: 20 N. Wacker Dr., Suite 4200 |
| CITY/STATE/ZIP: Chicago, IL 60606 | CITY/STATE/ZIP: Chicago, IL 60606 |
| TELEPHONE NUMBER: (312) 263-3001 | TELEPHONE NUMBER: (312) 263-3001 |
| IDENTIFICATION NUMBER: 1271954 | IDENTIFICATION NUMBER: 2471728 |
| MEMBER OF TRIAL BAR? YES ✓ | MEMBER OF TRIAL BAR? NO ✓ |
| TRIAL ATTORNEY? YES ✓ | TRIAL ATTORNEY? NO ✓ |
| | DESIGNATED AS LOCAL COUNSEL? NO ✓ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Samuel J. Erkonen | NAME: Nathan J. Breen |
| FIRM: Howe & Hutton, Ltd. | FIRM: Howe & Hutton, Ltd. |
| STREET ADDRESS: 20 N. Wacker Dr., Suite 4200 | STREET ADDRESS: 20 N. Wacker Dr., Suite 4200 |
| CITY/STATE/ZIP: Chicago, IL 60606 | CITY/STATE/ZIP: Chicago, IL 60606 |
| TELEPHONE NUMBER: (312) 263-3001 | TELEPHONE NUMBER: (312) 263-3001 |
| IDENTIFICATION NUMBER: 6203452 | IDENTIFICATION NUMBER: 6269454 |
| MEMBER OF TRIAL BAR? YES ✓ | MEMBER OF TRIAL BAR? NO ✓ |
| TRIAL ATTORNEY? YES ✓ | TRIAL ATTORNEY? NO ✓ |
| DESIGNATED AS LOCAL COUNSEL? NO ✓ | DESIGNATED AS LOCAL COUNSEL? YES ✓ |